1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
                                AT SEATTLE
7

KIMBERLY CARUSO,
8
                              Plaintiff,          Case No. C17-5876 RAJ
9
         v.                                       **ORDER AFFIRMING THE**
10                                                **COMMISSIONER'S FINAL**
                                                  **DECISION**
NANCY A. BERRYHILL, Deputy
11  Commissioner of Social Security for Operations,

12                            Defendant.

13          Plaintiff seeks review of the denial of her applications for Supplemental Security Income

14  (SSI) and Disability Insurance Benefits (DIB).  Plaintiff contends the ALJ erred by rejecting

15  several medical opinions and her subjective symptom testimony.  Dkt. 11.  As discussed below,

16  the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with

17  prejudice.

18                                   **BACKGROUND**

19          Plaintiff is currently 36 years old, has a high school education, and has done retail and

20  service work.  Administrative Record (AR) 33.  Plaintiff's first applications for SSI and DIB,

21  filed in 2011, were denied in a decision dated December 21, 2012.  AR 105-20.  Plaintiff later

22  filed the SSI and DIB applications at issue here, alleging disability as of December 22, 2012.

23  AR 20.  These new applications were denied initially and on reconsideration.  AR 125-26, 176-

1    77.  After the ALJ conducted a hearing on May 13, 2016, the ALJ issued a decision finding

2    plaintiff not disabled because she had not shown changed circumstances since the 2012 denial.

3    Tr. 69, 20-34.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since the alleged onset date of December 22, 2012.

**Step two:**  Plaintiff has the following severe impairments: morbid obesity; irritable bowel syndrome; degenerative disc disease of portions of the thoracic, lumbar, and cervical spine; major depressive disorder; and post-traumatic stress disorder (PTSD).

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform light work, but never climb ladders, ropes, or scaffolds and only occasionally climb ramps or stairs, balance, stoop, crouch, and kneel.  She can occasionally reach overhead and occasionally be exposed to vibration and workplace hazards.  She can understand, remember, and carry out simple instructions for tasks that do not require direct public contact or teamwork assignments.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

AR 22-34.  The Appeals Council denied plaintiff's request for review, making the ALJ's

decision the Commissioner's final decision.  Tr. 1.[3]

### DISCUSSION

This Court may set aside the Commissioner's denial of social security benefits only if the

ALJ's decision is based on legal error or not supported by substantial evidence in the record as a

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, the Commissioner's rational interpretation must be upheld. *Id.*

Plaintiff contends the ALJ erred by rejecting the medical opinions of two examining psychologists and two reviewing psychologists, and by rejecting her testimony on symptom severity. Plaintiff asks the Court to reverse and remand for an award of benefits. The Commissioner contends the ALJ provided legally sufficient reasons to discount the opinions and symptom testimony.

**A.    Plaintiff's Testimony**

There is no dispute that plaintiff has physical as well as mental impairments. Plaintiff challenges only the ALJ's evaluation of the evidence of her mental impairments. Plaintiff alleges her anxiety and depression, combined with her back and neck pain, are disabling. AR 81, 86, 297. She said her pain level averages six out of ten, and medication brings it down to four. AR 82. She testified that she has incapacitating anxiety attacks twice a week for half an hour at a time, even with prescribed medication. AR 86-87.

Where, as here, an ALJ finds a claimant has presented objective medical evidence of underlying impairments that could reasonably be expected to cause the symptoms alleged, and the ALJ finds no affirmative evidence of malingering, the ALJ may reject the claimant's testimony as to the severity of her symptoms only by offering "specific, clear and convincing reasons." *Trevizo*, 871 F.3d at 678. The ALJ discounted plaintiff's testimony on the grounds that it was contradicted by the evidence in the record, her prior statements, and her daily activities. AR 27, 29.

### 1. Inconsistent Statements

Inconsistent statements can be a valid reason to discount a claimant's testimony. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). The ALJ discounted plaintiff's testimony because, although she testified that she had 30-minute anxiety attacks twice a week even while on medication, she did not report such attacks to any treatment providers. AR 29. Plaintiff incorrectly states that the ALJ relied on the absence of panic attacks observed by providers. Dkt. 11 at 16. Instead, the ALJ reasonably inferred that if plaintiff experienced incapacitating anxiety attacks that frequently, she would report them to providers treating her for anxiety. For example, her January 2014 intake assessment from Sea Mar Mental Health Program, which contains detailed descriptions of plaintiff's self-reported mental health challenges, makes no mention of anxiety attacks. AR 466-74.

At the May 2016 hearing, plaintiff testified that she had been "clean and sober" since November 13, 2013. AR 92. The ALJ noted, however, that she had continued to use benzodiazepines and Suboxone, her most recent drugs of addiction. AR 29. Examining doctor Terilee Wingate, Ph.D., noted in January 2014 that plaintiff was using Xanax (a benzodiazepine)

without a doctor's supervision.  AR 380.  Also in January 2014, a treatment note states that plaintiff reported getting Suboxone "off the street."  AR 468.

Plaintiff's inconsistent statements are a clear and convincing reason to discount her testimony.  *See Orn*, 495 F.3d at 636.

## 2.  Medical Evidence

The ALJ cited generally normal findings in psychological evaluations in January and October 2014.  AR 27-28.  Dr. Wingate found normal appearance, speech, attitude and behavior, range of affect, orientation, perception, memory, fund of knowledge, abstract thought, and thought process and content.  AR 27 (citing AR 380-81).  Mood, concentration, and insight and judgment were not normal.  AR 381.  Dr. Bowes found normal appearance, speech, attitude and behavior, affect, orientation, perception, memory, fund of knowledge, abstract thought, concentration, and insight and judgment.  AR 409-10.  Mood was depressed, and thought process and content were abnormal with racing thoughts and rumination.  AR 409-10.  Plaintiff argues that the record shows waxing and waning of symptoms.  *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment").  But here, the record generally shows normal mental status findings.  Plaintiff herself cites therapy records showing that her condition was generally stable.  *See* Dkt. 11 at 7 (in 26 visits over a year, 22 showed no change).

The ALJ also cited evidence that plaintiff's conditions improved with treatment.  "Impairments that can be controlled effectively with [treatment] are not disabling for the purpose of determining eligibility for SSI benefits."  *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  In October and December 2014 and December 2015, plaintiff reported her anxiety was well controlled with medication.  AR 429, 512, 679.

The largely-normal clinical findings, together with treatment notes that plaintiff's anxiety was being managed effectively, provide another clear and convincing reason to discount plaintiff's symptom testimony. *See Warre*, 439 F.3d at 1006; *Rollins v. Massanari*, 261 F.3d 853, 87 (9th Cir. 2001) ("While subjective [symptom] testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's [symptom] and its disabling effects.").

### 3.  Daily Activities

Daily activities can be a sufficient reason to reject a claimant's symptom testimony if they "meet the threshold for transferable work skills" or "contradict [her] other testimony." *Orn*, 495 F.3d at 639. Here, neither is true. The ALJ stated that plaintiff "makes dinner once a week, sees her best friend at least once a month, talks to her sister daily, and was able to complete one college course during the period at issue." AR 29. Even together, these activities do not constitute transferable work skills such as being able to complete an eight-hour day five days a week. And the activities do not contradict plaintiff's other testimony.

The error is harmless, however, because the ALJ's other reasons to discount plaintiff's symptom testimony were valid. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (erroneous reasons harmless because remaining reasons were "specific findings related to Carmickle's ability to perform vocational functions").

The Court concludes the ALJ did not err by discounting plaintiff's symptom testimony.

### B.  Medical Source Opinions

Social Security regulations distinguish among treating, examining, and nonexamining physicians. 20 C.F.R. § 404.1527. "While the opinion of a treating physician is … entitled to

greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician." *Garrison*, 759 F.3d at 1012. Here, there are only examining and nonexamining doctors. An ALJ may only reject the uncontradicted opinion of an examining doctor for "clear and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 675. Even if contradicted by another doctor's opinion, the opinion of an examining doctor may only be rejected for "specific and legitimate" reasons supported by substantial evidence in the record. *Id.* All of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

Plaintiff challenges the ALJ's evaluation of the 2014 opinions of examining doctors Wingate and Bowes and nonexamining doctors Hurley and Eather.[4]

### 1. Terilee Wingate, Ph.D.

After a January 2014 examination, Dr. Wingate diagnosed plaintiff with PTSD, recurrent marked to severe major depressive disorder, and opiate and benzodiazepine dependence. AR 377, 379. Dr. Wingate opined that plaintiff would have marked limitations in her abilities to maintain punctual attendance, complete a normal work day and work week without interruptions from psychologically based symptoms, and maintain appropriate behavior in a work setting. AR 379-80. Dr. Wingate opined that plaintiff's impairments were not primarily the result of alcohol or drug use within the past 60 days, but noted that plaintiff's "substance use is certainly exacerbating her depressed mood" and recommended chemical dependency treatment. AR 380.

The ALJ gave Dr. Wingate's opinions only "[s]ome weight" because she "only conducted a brief examination," the limitations she opined were affected by plaintiff's substance

---

[4] Drs. Wingate and Bowes provided earlier opinions as well, but plaintiff does not challenge the ALJ's evaluation of them. AR 30-31.

use, and her findings were largely normal. AR 31, 27. The first reason would be a valid reason to prefer a treating doctor's opinion, but it was an erroneous reason to prefer the nonexamining state agency doctors' opinions over Dr. Wingate's. *See Garrison*, 759 F.3d at 1012. There is also no support in the record for describing her examination as "brief." She conducted an extensive interview, covering social, medical, educational, work, mental health, and substance use history; conducted a full mental status examination; made personal observations; and administered multiple questionnaires. AR 377-84.

The ALJ noted Dr. Wingate's statement that plaintiff's substance use exacerbated her depressed mood, and somewhat cryptically remarked that the "marked limitations are considered in that light." AR 31. The parties interpret this to mean that the ALJ found that even if the opined limitations were accurate, the limitations would be less extreme if plaintiff stopped substance use. Plaintiff argues that because the ALJ did not find substance use to be a severe impairment at step two, she necessarily found that substance use had no more than a *de minimis* effect on plaintiff's limitations. Dkt. 11 at 9. The Court agrees and concludes that drug use was not a valid reason to discount Dr. Wingate's opinions here.

The erroneous reasons are harmless, however, because the ALJ provided at least one valid reason to discount Dr. Wingate's opinions. The ALJ noted that Dr. Wingate's clinical findings were almost entirely normal. AR 27. The only abnormalities were "mildly" dysphoric mood, "slightly" agitated affect, a few errors on some concentration tasks, and poor judgment. AR 381. Such mild findings are incongruent with such extreme limitations. Plaintiff argues that the ALJ did not explicitly reject Dr. Wingate's GAF score of 45. Dkt. 11 at 10. That may be true, however, a GAF is not an opined limitation but a snapshot of a claimant's functioning and, as such, did not require explicit rejection. *See McFarland v. Astrue*, 288 F. App'x 357, 359 (9th

Cir. 2008) ("ALJ's failure to address the three GAF scores specifically does not constitute legal error").[5]  Plaintiff argues that Dr. Wingate "observed" depression, anxiety, poor concentration, and abnormal sleep.  Dkt. 11 at 4 (citing AR 378).  But Dr. Wingate explicitly wrote that those symptoms were plaintiff's self-reports.  AR 378.  Plaintiff argues that her own description of her functioning is an important source of information.  Dkt. 11 at 6.  However, plaintiff's self-reports were properly discounted, as discussed above.  Moreover, even her own self-reports contained in Dr. Wingate's report do not evince an inability to complete a work day, be punctual, and maintain appropriate behavior.  Plaintiff reported depressed mood, sleeping too much or too little, eating too much or too little, startling easily, avoiding driving next to a semi truck, and difficulty finishing projects.  AR 378.  There is no mention of the anxiety attacks that plaintiff testified happen at least twice per week.

The Court concludes the ALJ did not err by discounting Dr. Wingate's opinions.

### 2.    Wayne E. Hurley, M.D., P.S.

In March 2014, Dr. Hurley reviewed plaintiff's records, including Dr. Wingate's evaluation, and agreed with Dr. Wingate's opined limitations.  AR 400, 401.  He listed diagnoses of PTSD and depressive disorder.  AR 403.  The ALJ gave Dr. Hurley's psychological assessment weight only insofar as it was based on Dr. Wingate's.  Accordingly, because the ALJ did not err in evaluating Dr. Wingate's opinions, she did not err in evaluating Dr. Hurley's.

### 3.    Tasmyn Bowes, Psy.D.

After examining plaintiff in October 2014 and reviewing Dr. Wingate's evaluation, Dr. Bowes diagnosed plaintiff with PTSD, panic disorder with agoraphobia, recurrent moderate

---

[5] Plaintiff also cites GAF scores from Sea Mar in an attempt to bolster Dr. Wingate's findings. Dkt. 11 at 10.  However, the Court does not reweigh the evidence.  *See Thomas*, 278 F.3d at 954.

major depressive disorder, opiate dependence, and benzodiazepine dependence in sustained

partial remission "per claimant." AR 405, 407. Dr. Bowes opined that plaintiff had marked

limitations in her abilities to maintain punctual attendance and to complete a normal work day

and work week without interruptions from psychologically based symptoms. AR 408.

The ALJ gave Dr. Bowes' opinions only "[s]ome weight" because she was not a treating

doctor familiar with plaintiff's long term symptoms, she did not account for plaintiff's improved

functioning as she tapered off of benzodiazepines, and her opinion was not consistent with her

own findings. AR 30. The first reason would be valid if rejecting an examining doctor's opinion

in favor of a treating doctor's opinion, but is erroneous here where the ALJ rejected Dr. Bowes'

opinion in favor of nonexamining doctors' opinions. *See Garrison*, 759 F.3d at 1012. The

second reason is also erroneous. The ALJ offers no record support for the assertion that

plaintiff's functioning improved as she reduced her benzodiazepine use, and the Court has found

none. To the extent the ALJ meant plaintiff's functioning *would* improve by reducing substance

use, the error was discussed above in the section on Dr. Wingate's opinions.

The erroneous reasons are harmless, however, because the ALJ provided at least one

valid reason to discount Dr. Bowes' opinions. Similar to the analysis of Dr. Wingate's opinion

as discussed above, the ALJ permissibly discounted Dr. Bowes' opinions because they conflicted

with her clinical findings. Dr. Bowes found normal appearance, speech, attitude and behavior,

affect, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and

insight and judgment. AR 409-10. Mood was depressed, thought process and content were

abnormal with racing thoughts and rumination, and plaintiff struggled with persisting in an

attention task. AR 409-10, 406. Neither Dr. Bowes nor plaintiff explains how such extreme

limitations follow from such mild clinical findings. To the extent the limitations are based on

plaintiff's self-reports, those were properly discounted as discussed above.

The Court concludes the ALJ did not err by discounting Dr. Bowes' opinions.

### 4.    Bruce Eather, Ph.D.

In November 2014, Dr. Eather reviewed plaintiff's records, including Dr. Wingate's and Dr. Bowes' evaluations. AR 418. He agreed with Dr. Bowes' opinions that plaintiff had marked limitations in her abilities to maintain punctual attendance and to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 419. He listed diagnoses of PTSD, panic disorder, and depressive disorder. AR 421. The ALJ gave Dr. Eather's psychological assessment weight only insofar as it was based on Dr. Wingate's and Dr. Bowes'. Accordingly, because the ALJ did not err in evaluating those opinions, she did not err in evaluating Dr. Eather's.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 12th day of September, 2018.

_____

The Honorable Richard A. Jones
United States District Judge